UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 12-21521-CIV-COOKE/TURNOFF

JERRY ROBIN REYES and all others similarly
Situated under 29 U.S.C. 216(B),

       Plaintiff,

v.

GOYA FOODS, INC. d/b/a GOYA FOODA OF
FLORIDA, FUTURE FORCE, INC., FRANK R.
UNANUE, and ADELA GONZALEZ,

       Defendants.
_____/

## DEFENDANT, GOYA FOODS, INC'S ANSWER, DEFENSES AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

DEFENDANT, GOYA FOODS, INC. d/b/a GOYA FOODA OF FLORIDA ("Goya"), through its counsel Bryant Miller Olive P.A., files its Answer, Defenses and Affirmative Defenses to Plaintiff's Complaint.

1. In response to the allegations contained in paragraph 1 of Plaintiff's Complaint, Defendant admits the allegations for jurisdictional purposes only, but denies that Plaintiff is entitled to any relief.

2. In response to the allegations contained in paragraph 2 of Plaintiff's Complaint, Defendant is without sufficient knowledge to form a belief as to the truth or veracity of the allegation and therefore denies same.

3. In response to the allegations contained in paragraph 3 of Plaintiff's Complaint, Defendant admits that it transacts business within Miami-Dade County, Florida. Defendant

admits that Plaintiff performed services for Defendant. Defendant denies all remaining allegations.

4. In response to the allegations contained in paragraph 4 of Plaintiff's Complaint, Defendant states that said allegations do not pertain to Defendant and therefore a response is not necessary.

5. In response to the allegations contained in paragraph 5 of Plaintiff's Complaint, Defendant admits that Frank Unanue is a corporate officer and owner of Defendant. Defendant denies all remaining allegations.

6. In response to the allegations contained in paragraph 6 of Plaintiff's Complaint, Defendant states that said allegations do not pertain to Defendant and therefore a response is not necessary.

7. In response to the allegations contained in paragraph 7 of Plaintiff's Complaint, Defendant is without sufficient knowledge to form a belief as to the truth or veracity of the allegation and therefore denies same.

**COUNT I**
**FEDERAL OVERTIME WAGE VIOLATION**

8. In response to the allegations contained in paragraph 8 of Plaintiff's Complaint, Defendant states that the cited statutory provision speaks for itself. Defendant denies all remaining allegations and denies that there are any facts giving rise to an action.

9. In response to the allegations contained in paragraph 9 of Plaintiff's Complaint, Defendant states that the cited statutory provisions speak for themselves. Defendant admits the allegations for jurisdictional purposes only, but denies that there are any facts giving rise for the need to invoke this court's jurisdiction and denies that Plaintiff is entitled to any relief.

10. In response to the allegations contained in paragraph 10 of Plaintiff's Complaint, Defendant states that the cited statutory provision speaks for itself.

11. In response to the allegations contained in paragraph 11 of Plaintiff's Complaint, Defendant admits that Plaintiff performed services for Defendant from May 7, 2007, until February 10, 2012. Defendant denies that those services included a route driver and/or a delivery person. Defendant adds that Plaintiff performed the services of outside sales. Defendant denies all remaining allegations contained in said paragraph.

12. In response to the allegations contained in paragraph 12 of Plaintiff's Complaint, Defendant states that to the extent there are allegations against other Defendants, a response is not required. Defendant denies the remaining allegations.

13. In response to the allegations contained in paragraph 13 of Plaintiff's Complaint, Defendant states that to the extent there are allegations against other Defendants, a response is not required. Defendant admits the remaining allegations.

14. In response to the allegations contained in paragraph 14 of Plaintiff's Complaint, Defendant states that to the extent there are allegations against other Defendants, a response is not required. Defendant admits the allegations as to the first two quarters of 2012, but is without sufficient knowledge to form a belief as to the truth or veracity of the remaining allegations, as such allegations are purely speculative. Accordingly, Defendant denies the remaining allegations.

15. In response to the allegations contained in paragraph 15 of Plaintiff's Complaint, Defendant states that to the extent there are allegations against other Defendants, a response is not required. Defendant denies the remaining allegations.

16. In response to the allegations contained in paragraph 16 of Plaintiff's Complaint, Defendant states that to the extent there are allegations against other Defendants, a response is not required. Defendant denies the remaining allegations.

17. Defendant denies the allegations contained in paragraph 17 of Plaintiff's Complaint.

18. In response to the allegations contained in paragraph 18 of Plaintiff's Complaint, Defendant states that to the extent there are allegations against other Defendants, a response is not required. Defendant denies the remaining allegations.

19. In response to the WHEREFORE clause immediately following paragraph 18, Defendant denies that Plaintiff is entitled to any of the relief requested therein or to any relief whatsoever.

20. In response to Plaintiff's requests for a jury trial, Defendant denies that Plaintiff is entitled to a trial by jury on all issues.

21. Defendant denies any allegation not specifically admitted to herein.

## DEFENSES AND AFFIRMATIVE DEFENSES

1. Plaintiff has failed, in whole or in part, to state a claim against Defendant for which relief may be granted.

2. Plaintiff was an exempt employee under 29 U.S.C. § 213(a)(1) (outside sales or administrative exemption) of the FLSA, and therefore, not entitled to overtime compensation.

3. Any actions toward Plaintiff were taken in full compliance with the law applicable to the parties at the time said action was taken.

4. Defendant is not an Employer as that term is defined under the FLSA.

5. Defendant acted at all times in good faith and had reasonable grounds to believe that its actions were not a violation of the FLSA and/or any other federal, state or local law or regulation and, therefore, liquidated damages are not appropriate in this action.

6. The work time that Plaintiff claims was not included in determining the total hours of work in the workweek for purposes of computing the overtime he alleges is due was negligible in amount and, hence, was *de minimis*.

7. Plaintiff's claims are subject to all limitations on recovery of damages as set forth under applicable law.

8. Some or all of Plaintiff's claims are barred by the applicable statute of limitations, including but not limited to, the two (2) year statute of limitations for non-willful violations.

9. Defendant reserves the right to assert additional affirmative defenses that may be discovered during the defense of this matter.

WHEREFORE, Defendant, having answered the Complaint, prays that judgment be entered in its favor, that it be awarded its costs and attorney's fees incurred in defense of this matter, and that the Court award such other an further relief to Defendant as it deems appropriate.

July 5, 2012
Miami, Florida

Respectfully submitted,

**BRYANT MILLER OLIVE P.A.**
SunTrust International Center
1 S.E. 3rd Avenue, Suite 2200
Miami, Florida  33131
(305) 374-7349 (Telephone)
(305) 374-0895 (Fax)

By /s/ Michael L. Elkins
    James C. Crosland
    Florida Bar No. 171389
    jcrosland@bmolaw.com

Denise M. Heekin  
Florida Bar No. 892998  
dheekin@bmolaw.com  
Michael L. Elkins  
Florida Bar No. 0523781  
melkins@bmolaw.com  
Counsel for Defendant

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was served electronically through the Clerk of the Court by using the CM/ECF system, on this 5th, day of July, 2012, on all counsel or parties of record on the Service List below.

/s/ Michael L. Elkins  
Michael L. Elkins

**SERVICE LIST**
CASE NO. 12-21521-CIV-COOKE/TURNOFF

Jamie H. Zidell, Esquire
**J.H. ZIDELL, P.A.**
300 71st Street
Suite 605
Miami Beach, Florida  33141
(305) 865-6766 (Telephone)
(305) 865-7167 (Facsimile)
zabogado@aol.com
*Counsel for Plaintiff*

James C. Crosland, Esquire
Denise M. Heekin, Esquire
Michael L. Elkins, Esquire
**BRYANT MILLER OLIVE P.A.**
SunTrust International Center
1 S.E. 3rd Avenue, Suite 2200
Miami, Florida  33131
(305) 374-7349 (Telephone)
(305) 374-7485 (Facsimile)
jcrosland@bmolaw.com
dheekin@bmolaw.com
melkins@bmolaw.com
*Counsel for Defendant, Goya*

Paul O. Lopez, Esquire
**TRIPP SCOTT**
110 S.E. 6th Street
15th Floor P.O. Box 14245
Ft. Lauderdale, FL 33302-4245
(954) 525-7500 (Telephone)
(954) 761-8475 (Facsimile)
pol@trippscott.com
*Counsel for Defendants Future Force, Inc. and Adela Gonzalez*